IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00168-F-1
No. 5:15-CV-00207-F

| | | |
|---|---|---|
| TRAVIS JENKINS, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | |

This matter is before the court on Travis Jenkins's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-38]. In the first claim of Jenkins's § 2255 motion, he alleges that his attorney provided ineffective assistance of counsel by failing to file a notice of appeal after being placed on "reasonable notice" that he wanted to appeal. *Id.* at 4.

In the Memorandum filed in support of the Government's Motion to Dismiss, which has been converted to a Motion for Summary Judgment, Daniel Johnson, Jenkins's counsel, states that "Mr. Jenkins instructed me not to file a notice of his intent to appeal and to pursue a reduction in his sentence via Rule 35." Decl. of Johnson [DE-49-1] at 1. Johnson further states as follows:

> Following the sentencing hearing, Mr. Jenkins and I spoke at the courthouse. I asked him if he wanted to file an appeal. I also inquired about whether or not I should pursue relief via Rule 35. Mr. Jenkins had provided significant assistance to the government and had received no benefit for that assistance at his sentencing. We discussed the fact that pursuing an appeal would make it less likely that the government would be interested in filing a Rule 35 motion. He indicated that he prefer [sic] I pursue the Rule 35 motion, the more likely way to reduce his sentence, rather than file an appeal. Though I was surprised when he told me he didn't want to pursue an appeal, I thought it was the correct decision because it would enhance his chances of obtaining a Rule 35 motion.

*Id.* at 2.

Rule 8 of the Rules Governing Section 2255 Proceedings provides that it is within the discretion of the district court to determine whether an evidentiary hearing is warranted. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In this case, the court finds that a credibility issue exists and the Government has not conclusively shown that Jenkins is not entitled to relief on his § 2255 motion. For these reasons, the court concludes that an evidentiary hearing is necessary. Accordingly, the Clerk is DIRECTED to schedule an evidentiary hearing in this case.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, when an evidentiary hearing is warranted, the court must appoint an attorney to represent a moving party who qualifies to have appointed counsel under 18 U.S.C. § 3006A. The Federal Public Defender is DIRECTED to provide representation in this action.

SO ORDERED.

This __14'__ day of January, 2016.

                                                                JAMES C. FOX
                                                                 SENIOR UNITED STATES DISTRICT JUDGE