IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-168-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TRAVIS LAVOY JENKINS | ) | |

This cause comes before the Court on defendant's motions for reconsideration under Federal Rule of Civil Procedure 59(e). [DE 125, 126, 127]. Each motion is ripe for disposition. For the reasons that follow, defendant's motions for reconsideration [DE 125, 126, 127] are DENIED.

## BACKGROUND

In September 2015, defendant pleaded guilty without a plea agreement to (1) one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), (2) three counts of distribution of a quantity of cocaine base (crack), and (3) one count of possession of a firearm in furtherance of a drug trafficking crime. [DE 16]. In April 2014, the Court sentenced defendant to a total term of 131 months' imprisonment, later reduced to 105 months. [DE 28, 37]. Defendant did not appeal.

In May 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. [DE 38]. In April 2016, following an evidentiary hearing, the Court denied defendant's § 2255. [DE 87, 88]. In September 2016, the Fourth Circuit dismissed defendant's appeal of the denial of his § 2255 petition. [DE 94, 95].

In July 2015, defendant moved for a sentence reduction under 18 U.S.C. § 3582(c), arguing that U.S.S.G. Amendment 782 was applicable to his sentence. [DE 45]. The Court denied

defendant's motion, finding that defendant had already received the benefit of a 2-level reduction under Amendment 782 at his sentencing. [DE 62]. Defendant appealed and the Fourth Circuit affirmed. [DE 77].

In March 2019, the Court denied five motions that defendant had filed since September 2018: (1) a motion for a sentence reduction under 18 U.S.C. § 3582(c) in light of Amendment 782, (2) a motion requesting that the Court provide defendant with various discovery documents and transcripts, (3) a motion requesting that defendant's entire case be placed under seal, (4) a motion for entry of default, and (5) a motion to compel defendant's former court-appointed counsel to provide him with his criminal case file. [DE 124].

Defendant has since filed three motions for reconsideration—and noticed four appeals— all relating to various aspects of the March order. [DE 125, 126, 127]. In particular, defendant requests that the Court reconsider its refusal to seal the documents in his case, its refusal to reduce his sentence under § 3582(c), and its refusal to provide him with copies of documents and transcripts at government expense. Defendant has additionally filed a letter in reference to his § 3582(c) motion.[1]

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court. The Fourth Circuit has recognized

---

[1] The Court construed this letter as § 3582(c) correspondence rather than correspondence relating to the First Step Act. To the extent that defendant seeks early release under the First Step Act for good conduct, such a motion must be brought under 28 U.S.C. § 2241 in the district of confinement, rather than in the sentencing court.

2

three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

First, defendant argues that the Court should reconsider its refusal to seal the documents in his case. Initially, defendant requested that the Court "issue an order to seal the records to the instant case from public view." [DE 104, p. 3–4]. Now, defendant takes a narrower approach, requesting "sealing of any information with his name and information pertaining to 5K1.1 or Rule 35." [DE 125, p. 2]. Either way, however, defendant has not presented any intervening change in law, any new evidence, or any indication that the Court has committed a clear error of law. Of note, the Court's standing order on the sealing of motions states that "[u]pon expiration of two years from the date of the filing of the order or other resolution of the substantial assistance motion, documents sealed by operation of this standing order shall be unsealed, unless the presiding judge in the case extends the sealing order." E.D.N.C. Amended Standing Order 09-SO-02 at 4. The majority of the relevant documents in this case are more than two years old; of the 39 unsealed docket entries that are fewer that two years old, 19 are documents that defendant himself filed, including DE 104 (which defendant claims the Court is unlawfully withholding from him). The Court previously determined that defendant had not established good cause for the sealing of the documents he identified, and defendant has not established that the Court's finding was clearly erroneous or manifestly unjust. As such, defendant's first motion for reconsideration must be denied.

Second, defendant argues that the Court should reconsider its refusal—for at least the second time—to reduce his sentence under § 3582(c) in light of Amendment 782. But again,

defendant has not demonstrated an intervening change in law, new evidence, or a clear error of law. This issue has been litigated and relitigated. At sentencing, the Court imposed a 71-month sentence, running consecutively to the mandatory minimum of 60 months that defendant received for his 18 U.S.C. § 924(c) conviction, on Counts 1 through 4. That sentence reflected the top end of a 60-71 month guideline range *adjusted for the two-level reduction* under Amendment 782.[2] Had the two-level reduction not been applied, defendant's guideline would have been 70-87 months. The Court specifically stated that "defendant received the benefit of the 2-level reduction under Amendment 782 at his sentencing in the form of a variance." [DE 62]. In other words, at sentencing, defendant received the two-level reduction and was sentenced to the top end of 71 months; had he not received the two-level reduction and had he still been sentenced at the top level of the guideline, he would have received 87 months. Thus, he received the benefit of a two-level reduction at sentencing. To the extent that defendant claims otherwise, he is simply incorrect. As he has not demonstrated that the Court's denial of his second § 3582(c) motion was clearly erroneous, defendant's second motion for reconsideration is denied.

Third, defendant argues that the Court should reconsider its denial of his request for documents. Defendant argues that he has a pending habeas petition under 28 U.S.C. § 2241 in which he argues that he is actually innocent of the § 924(c) charge to which he pleaded guilty. The petition, *Travis Lavoy Jenkins v. United States*, No. 5:18-HC-2257-D, was transferred to the Southern District of Georgia.[3] Defendant appealed the transfer and the Fourth Circuit affirmed in an unpublished opinion. Mandate is stayed, however, as defendant timely seeks rehearing.

---

[2] In fact, the 2013 guideline for an offense level of 23 and a criminal history category of III was 57-71 months, but defendant faced a 60-month mandatory minimum; hence, the applicable guideline was 60-71 months.
[3] A motion under § 2241 must be brought "in the district of confinement rather than in the sentencing court." *United States v. Miller*, 871 F.2d 478, 480 (4th Cir. 1989). In defendant's case, that meant the Southern District of Georgia.

4

Defendant argues that, in light of this habeas petition, he is entitled to the documents that he requested, and is further entitled to a court order compelling his court-appointed counsel to surrender defendant's criminal case file. But the Court reiterates that, at least at this stage of the proceedings, defendant has not demonstrated that he is entitled to receipt of copies of transcripts and other documents at government expense, and has not demonstrated good cause for an order compelling his former counsel to submit his case file to him. The Court committed no clear error of law in denying defendant's request for documents. As such, defendant's motion for reconsideration is denied.

## CONCLUSION

For the reasons discussed above, defendant's motions for reconsideration [DE 125, 126, 127] are DENIED.

SO ORDERED, this __16__ day of July, 2019.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5